Seibert *v.* Erie Railway Company.

The judgment must be affirmed.

[ERIE GENERAL TERM, September 2, 1867. *Daniels, Marvin* and *Davis,* Justices.]

---

## SEIBERT *vs.* THE ERIE RAILWAY COMPANY.

The positive testimony of an unimpeached, uncontradicted, witness, cannot be discredited or disregarded, arbitrarily or capriciously, by court or jury.

Although it belongs to a jury, in considering the weight of evidence, to pass upon the credit due to the respective witnesses, this does not imply that they may, without reasonable or justifiable ground, disbelieve any witness. They have no right to discredit an unimpeached, uncontradicted, witness, who testifies fairly, and gives clear, rational, consistent and relevant testimony.

For judicial purposes, all witnesses stand upon a par, and must be believed in their testimony, unless discredited by the inconsistency, incredibility, or improbabilities, of their statements, on cross-examination, or otherwise contradicted by other witnesses, or impeached in respect to their general character for integrity or truth.

Where, in an action against a railroad company, to recover damages for a personal injury, there was no pretense that there was any negligence on the part of the defendants, which could sustain the action, except in the omission of the engineer or person in charge of the defendants' locomotive to ring the bell, or sound the whistle, at a street crossing; and the testimony of the engineer, upon that point, was positive and unqualified, that the whistle was blown and the bell rung, and another witness testified that he heard the bell ringing, and saw the engine pass; and this testimony was clear, positive and circumstantial, and uncontradicted, except by the testimony of the plaintiff,

and another person near by at the time, who swore that they heard no bell or whistle ; *Held*, that a verdict in favor of the plaintiff was not warranted by the evidence ; and a new trial was granted.

APPEAL from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial. The action was brought to recover damages for a personal injury sustained by the plaintiff, as claimed, by being run against and knocked down by the defendants' locomotive, through the negligence of the defendants' servants, while the plaintiff was crossing the railroad track, in the city of Buffalo. The defendants set up, in their answer, as a defense, that the carelessness and negligence of the plaintiff contributed to, and caused, the accident.

The jury found a verdict in favor of the plaintiff, for $5000. The facts, appearing on the trial, are stated in the opinion of the court.

*J. C. Strong,* for the plaintiff.

*J. Ganson,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. None of the exceptions taken to the rulings or charge of the court, I think, are well taken. When the plaintiff rested, there was, I think, some evidence given by the plaintiff tending to make out a case for the jury, and the judge would hardly have been warranted in directing a nonsuit, though the evidence was weak and slight. At the close of the case, the motion for a nonsuit was renewed, and if it had been then granted, such ruling would not have been improper, and might have been sustained. But there is such contrariety of opinion among the judges, in respect to the propriety or expediency of granting nonsuits in this class of actions, that, I think, the learned judge might well hesitate to do so, and trust to the jury to dispose of the case in such manner as to obviate all question on this point, and save further litigation, as they clearly would have done,

Seibert *v.* Erie Railway Company.

if they had found a verdict for the defendants. The instructions of the judge to the jury, so far as they are set out in the case, seem to me to have been entirely right. The requests to charge were rather efforts to divide the evidence, so as to make the court pass upon its detached parts as matters of law. I think the circuit judge properly refused to respond to these requests as asked.

But upon the merits, I am not satisfied with the verdict. I think it not warranted by the evidence. There is no pretense, or ground for pretense, that there was any negligence on the part of the defendants which could sustain the action, except in the omission of the engineer or person in charge of the defendants' locomotive to ring the bell, or sound the whistle at the crossing of Alabama street. When the plaintiff rested, it appears, from the evidence of the plaintiff himself, that he had heard no bell or whistle before he was struck by the engine, and another witness, at a short distance from the plaintiff when he was struck, also testified that he heard no bell. This is the slightest possible evidence, scarcely sufficient, uncontradicted, to take the case to the jury. At such a point, when trains were going out and running in, and bells ringing almost constantly, the ringing of a bell or sounding of a whistle would not be likely to attract any particular attention, and probably there were one hundred persons in Buffalo within the sound of the bell if rung, or within hearing of the whistle if sounded, who might have given the same testimony with equal truth.

The testimony on the defense, upon this point, of the engineer, on the contrary, that the whistle was blown and the bell rung, is positive and unqualified. He testified that he saw the flagman at the intersection of the road, and blew the whistle twice to attract his attention, and getting no motions from him to go on, he whistled again twice, and reversed the engine to stop ; that the flagman then gave him the motion to come ahead ; that he then did so, ringing the bell all of the time with his left hand ; that the bell was rung all the

way from where the witness started, and that the witness struck the plaintiff about 150 feet east of Alabama street. Another witness testified that he was at work in Kasson's shop, on the south side of the track, at the time of the accident, and close by the place where the plaintiff was struck; that he heard the bell ringing, looked out of the window which was open, saw the engine pass, and heard some one cry out, " bring an axe to cut my arm off ;" that the witness ran out and saw the plaintiff opposite Kasson's office, and about 150 feet east of Alabama street; that the witness was expecting the one hundredth regiment that evening, and heard the bell ring, and went to the window to see. This was from ten to fifteen minutes past six, P. M., by city time. This witness further testified, that he was standing, when at work, about twenty feet from the defendants' track, and saw no other engine about there when he heard the bell ring. He saw the locomotive pass the window. That the engine went some one hundred and fifty feet from where the plaintiff was, before it stopped. The witness picked up the plaintiff some one hundred and fifty feet east of Alabama street.

The testimony of these two witnesses is clear, positive and circumstantial; they could not be mistaken. Their testimony is true, or they both committed willful and corrupt perjury. I think the jury, so far as any thing to the contrary appears in this case, were bound to give credit to their testimony. It was not contradicted ; it was really no contradiction for the plaintiff to say he did not hear the whistle or bell. They were not impeached, or in any way discredited. The positive testimony of an unimpeached, uncontradicted, witness cannot be discredited, or disregarded arbitrarily or capriciously by court or jury. (*Lomer* v. *Meeker*, 25 *N. Y. Rep.* 363.)

If juries are permitted to discredit or disregard such testimony, there is no safety in the administration of justice, and parties might just as well let the result of a litigation abide the cast of a die, or a game of chance. It belongs to a jury, I admit, in considering the weight of evidence, to pass upon

Seibert *v.* Erie Railway Company.

the credit due to the respective witnesses; but this does not imply that they may, without reasonable or justifiable ground, disbelieve any witness. They have no right to discredit an unimpeached, uncontradicted witness, who testifies fairly, and gives clear, rational, consistent and relevant testimony.

For judicial purposes, all witnesses stand upon a par, and must be believed in their testimony, unless discredited by the inconsistency, incredibility or improbabilities of their statements, on cross-examination, or otherwise contradicted by other witnesses, or impeached in respect to their general character for integrity or truth. Nothing of that kind was done or attempted in this case, and for aught that appears in this case, the two witnesses, Giles Hosmer and George Mercer, appear and stand as fair and as credible, in all respects, as witnesses, as any men in Buffalo.

The testimony, besides, tends to show that the plaintiff was struck by the engine in attempting to cross the defendants' track about 150 feet east of Alabama street. If so, he was where he had no right to be, and, as the judge instructed the jury, would not in such case be entitled to recover.

Upon the whole, I think, there should be a new trial; but as it is upon the ground that the jury have found against the defendants upon the evidence, it must be upon the payment of costs by the defendants of the former trial, and the costs of the appeal to abide the event of the action.

New trial granted.

[ERIE GENERAL TERM, September 2, 1867. *Daniels, Marvin* and *E. D. Smith,* Justices.]