## N. Y. SUPERIOR COURT.

### CYNTHIA J. STAFFORD, administratrix, &c., respondent, agt. JEREMIAH LEAMY, appellant.

Although the rule of evidence seems to be settled that if testimony for a plaintiff, being unimpeached, is to be believed, that testimony for the defendant, which does not conflict with the plaintiff's testimony, and is also unimpeached, must be equally believed; yet where there appears in the case anything which tends to the impeachment of the witnesses' credibility, such as want of intelligence or of memory—not that it is necessary to find the testimony false—the finding of the referee, court or jury will not be disturbed as to the fact, any more than a finding in regard to any other fact in the case.

Therefore *held*, that if in the testimony of the defendant's witnesses in this case, there were anything which tends to impeachment of their credibility, the referee must be supported in disregarding their testimony.

The referee having found substantially that the allegations of the complaint were sustained by the evidence of the plaintiff's witnesses, and that the allegations of the answer were not sustained by the defendant's evidence—Judgment for plaintiff affirmed.

*General Term, January,* 1872.

THIS action was brought to recover the value of legal services rendered by plaintiff's intestate William R. Stafford. The answer admitted the rendering of certain services, and alleged that various payments were made by defendant, and that in December, 1864, an account was stated between Stafford and the defendant, and that it was found that the defendant owed twenty dollars, which he paid, and which was accepted by Stafford in full settlement for his services.

The action was referred to Chas. M. Marsh, Esq. On the trial the plaintiff proved the value of the services and admitted that the sum of one hundred and ten dollars had been paid on account thereof.

The only evidence introduced to prove the account stated, set up in the answer, was the testimony of two sons of the

defendant, who testified that they were present at a conversation between Stafford and defendant, in which Stafford said that twenty dollars was due him for past services, that the defendant thereupon paid it, and it was accepted by Stafford in full for all the services he had rendered.

An exception was taken by defendant to a refusal to strike out the testimony of a witness for plaintiff, who, during his examination, referred to entries in registers and diaries in his and Stafford's handwriting.

The referee reported in favor of plaintiff, and from the judgment entered thereon the defendant appealed.

OTIS T. HALL, *attorney, and*
GEORGE H. YEAMAN, *counsel for appellants.*

I. Judgment should be reversed, because the referee gave it for full amount demanded in complaint, although defendant proved, and referee found, that defendant had paid more than the credits stated and admitted in the complaint.

II. Because referee refused to exclude the testimony of John J. Post, given by reading from documents not in the handwriting of witness, and from entries not originally made by him. An objection not discovered, except on cross-examination, and therefore made as soon as it could be. (*Cowan's Treatise,* § 1,491, *and cases there cited.*)

III. Because there was full proof of an account stated, as pleaded in the answer, and of payment of the amount so found due.

Any admission or acknowledgment of the sum or balance due, made by either party, and acquiesced in by the other, is an account stated. (*Bouv. Law Dict., Account;* 2 *Greenleaf's Ev.,* 9*th ed.,* 127; *Addison on Contracts,* 69, 2*d Am. Ed.,* 2 *Mod.* 44; *Towman* agt. *Hunt,* 1 *T. R.,* 42 ; *Knox* agt. *Whaley,* 1 *Esp.,* 159 ; *Dawson* agt. *Remnant,* 6 *Esp.,* 24.)

There is no case holding that it must be in writing; and

that it may be verbal see *Saunder's Plead. and Ev., Vol. I.,* 46.)

The case of *Hendrickson* agt. *Beers* (6 *Bosw.,* 639) is only as to the effect of a " receipt in full," for a less sum than due, and was a case of money lost at play; morality and public policy, inclining the courts to the plaintiff.

The case of *Geary* agt. *Page,* (9 *Bosw.,* 290,) is only the case of a promise to discharge, on something further to be done, and has no relation to this question.

IV. The defendant's proofs of payment, above referred to, are wholly uncontradicted. Witness, Post, could only say that he did not know of its being paid, and did not see the Leamys in the office at that interview. This is a fair summary of the negative testimony of one witness, offered against the positive testimony of two.

The payment is corroborated by the great lapse of time between the last business and interviews proved, and the death of Stafford, more than two years, in which no suit was brought or demand made.

It is proved by the statement of defendant, elicited by the plaintiff on cross-examination, by asking witness, Joseph Leamy, what his father said when he was sued. When the summons came " he said he didn't know what it came for ; he didn't owe anything." Having asked for the statement, which defendant could not have done, plaintiff must accept it, and is bound by it.

There is no attempt at direct impeachment of the two witnesses, Patrick and Joseph Leamy, by whom payment is proved, but there is an attempt to contradict them on a minor and immaterial point, as to the location of Stafford's office in 1865 ; done with the view to discredit their other statements.

Upon this point Mr. Post's memory is proved to be at fault by the three Leamys and by Mr. Brannigan.

The testimony of the last witness is conclusive, and the

veracity and the memory of Joseph and Patrick Leamy are fully sustained.

Finally, the referee himself has given credit to these witnesses, by finding that the defendant had paid in all one hundred and thirty dollars, instead of one hundred and ten dollars, as admitted in the complaint. This is by adding the twenty dollars to the one hundred and ten dollars. Now these witnesses have never spoken of that twenty dollars, except as a final settlement and full payment, after a discussion of the accounts between the parties.

Why we should be asked to accept their testimony as to payment of that sum, and reject it as to the facts, circumstances and agreement accompanying the payment, is not perceived.

ALFRED ROE and JOHN J. MACKLIN, counsel for respondent.

This action was brought to recover the value of legal services, rendered by William R. Stafford to defendant.

It was proved that services were rendered the defendant from the year 1861, to the spring of 1865, and that the services were worth more than the plaintiff claimed.

No testimony was offered by defendant as to any payment, except a payment of $15 in January, 1865, and $20 in February, 1865.

It was claimed that this payment of $20 was made and received by plaintiff's intestate in full for all services rendered up to that time. The only testimony to prove this was, that of the defendant's sons.

They testified, that at the time this money was paid, a suit of Wianda against defendant was mentioned. It was proved that services were rendered in this suit about the time this alleged interview took place, and that the value of such services was $20.

The referee reported in favor of plaintiff, and judgment was entered thereon, from which defendant appeals.

I. There was evidence to show that the settlement and account stated, set up in the answer, were never made.

The only evidence tending to prove it was that of the defendant's sons.

They were contradicted on this point by Post, a disinterested witness.

The court will see, on examining the testimony of the defendant's witnesses, that they both testified to the same words being used at this interview, and contradicted each other as to what took place before and after this interview, and the testimony of each is inconsistent with other parts of their testimony.

They say that the Wianda suit was mentioned, and it was proved that the services in this suit were worth the exact sum paid.

They are directly contradicted by Post, who testifies to a conversation occurring subsequently to the time mentioned by the other witnesses, in which defendant asked Stafford how much he owed him, and Stafford said $1,000.

Post was not contradicted. The evidence as to the location of the rooms and the situation of the offices was immaterial.

II. Where there is any evidence to sustain the findings of a referee the judgment will not be reversed.

It is only where the finding is clearly against the weight of evidence that a judgment will be reversed (*Thompson* agt. *Mack*, 22 *How.*, 435; *Hoyt* agt. *Hoyt*, 8 *Bosw.*, 511; *Morris* agt. *Second Ave. RR. Co.*, 8 *Bosw.*, 679).

It is not enough that the appellate court might have come to a different conclusion upon the evidence.

The case of the appellant must be clear, and substantially without contradiction (*Morris* agt. *Second Ave. RR. Co.*, *supra*; *Polhamus* agt. *Moses*, 7 *Robt.* 289).

III. It must be presumed that the referee has found all

the material questions of fact against the defendant, and against the defense set up in the answer (*Leffler* agt. *Field*, 50 *Barb., S. C.*, 40).

It does not appear that he placed his decision on the ground that he believed the testimony of defendant's witnesses, and that he considered as matter of law, that it was insufficient to constitute an account stated.

No request to so find was made. It cannot be inferred from the fact that $130 was paid.

It does not appear how that amount was arrived at.

Even if it be conceded, that the referee has found the payment of the $20, he was at liberty to believe the testimony of the witness on this point, and reject the evidence as to the settlement (*Bradley* agt. *Ricardo*, 8 *Bing.*, 57 ; *Beauchamp* agt. *Cash, Dowl & Ryl, N. P. Cas.*, 3 ; *Wilkins* agt. *Earle*, 44 *N. Y.* 182).

To negative any such inference, he found that no account stated was had, which should be construed as a direct finding that no settlement was ever had.

It was a question of fact, whether the account was stated or not (*Lockwood* agt. *Thorne*, 18 *N. Y.*, 285, 288).

IV. If the question whether the evidence of defendant, if uncontradicted, was sufficient to sustain the plea of account stated set up in the answer, should be considered by the court, it is submitted that the evidence was insufficient to establish such defense.

1. To constitute an account stated, the account must be reduced to writing, and examined by the parties, and the balance found due agreed upon (*Story's Eq. J.*, § 526 ; *Story's Eq. Pl.*, § 798).

Or the account must be rendered and the balance assented to, either expressly or by implication (*Lockwood* agt. *Thorne*, 11 *N. Y.*, 170 ; *S. C.*, 18 *N. Y.*, 285 ; *Phelps* agt. *Belden*, 2 *Edw., Ch.* 1).

" Account is a detailed statement of items."

"Stated," an agreed balance of accounts (*Bouvier Law Dict.*)

The making a stated account was so deliberate an act, that formerly the court would not allow it to be opened, and it is only in cases where error, fraud or mistake were clearly shown, that either party was allowed to question it (*Slee* agt. *Bloom,* 20 *Johns.,* 669).

No such rule is applicable to cases where the only evidence is an oral admission that a certain sum is owing, and its payment.

It is entitled to no greater consideration than the admission of any other fact.

It will be found, on examining the cases holding, that an oral admission of indebtedness is sufficient to establish this defense, that the courts deviated from the former meaning of an account stated, to prevent a failure of justice, by reason of the facts proved not conforming strictly to the special counts (*Porter* agt. *Cooper,* 4 *Tryw.,* 459; and see *Prowling* agt. *Hammond,* 8 *Taunt.,* 688; *Slatterlee* agt. *Pooley,* 6 *M. & W.,* 664; *Singleton* agt. *Barrett,* 2 *Compton & Jervis,* 368).

In *Elmes* agt. *Mills,* (1 *Hy Black,* 64), this rule is stated to have been founded upon *Buller N. P.,* 129, and the only authority referred to by Buller is, *May* agt. *King,* (12 *Mod.,* 539; and see also *Bump* agt. *Phenix,* 6 *Hill.,* 308). ·

In this case the account was reduced to writing, balance found due and paid, and a plea of account stated was held bad on demurrer, the court holding that it should have been pleaded as a payment, and see *Rolls* agt. *Barnes,* (1 *W. Black,* 65)

It will be found that in all of the cases in this country in which the question has arisen, accounts were reduced to writing, and their correctness admitted either expressly or by implication.

2. It is, therefore, submitted that this defense ought to have been pleaded as a payment.

(*a.*) It did not constitute a payment.

It is a settled and established rule, that the payment of a less sum is not a satisfaction of a greater (2 *Parsons on Con.*, 618 ; *Hendrickson* agt. *Beers*, 6 *Bosw.*, 641).

In action on *quantum meruit*, if it might have been brought to recover a specific sum, the rule applies ( *Wilkinson* agt. *Byers*, 1 *A. & E.*, 106).

V. The motion was properly denied (*Marcley* agt. *Shults*, 29 *N. Y.*, 346).

No objection was made at the time the witness referred to the books.

It was too late to object when the evidence was in.

Besides, the evidence, of Post showed that the value of the services stated by him, without reference to any memoranda, was more than the plaintiff claimed.

VI. The motion to close the case was properly denied.

The defendant put in issue the rendering the services and their value, and the plaintiff clearly had the affirmative (*Fry* agt. *Bennett*, 28 *N. Y.*, 324).

VII. The judgment should be affirmed.

*By the Court*, SEDGWICK, *J.*—The complaint alleged that the intestate, at the request of defendant, rendered services as attorney and counsel to him of the value of $886 65, from July 1st, 1861, to 15th April, 1867, and that the defendant had paid on account of such services the sum of $110, leaving due $776 65.

The answer put in issue the value of the services set up, that from the 1st July, 1861, to 29th November, 1864, the defendant paid to the intestate " divers sums of money, as the same were demanded by said William Stafford, amounting in all to the entire amount of the indebtedness of the defendant to him, which was, as defendant believes, nearer than the sum of six hundred dollars."

The answer further alleges that about the 29th of November, 1864, an account was stated between the intestate and

the defendant, and that on such statement twenty dollars was found due to the intestate, which the defendant paid to him, and was received by him in full settlement of all his claims and demands whatsoever against the defendant.

It is not necessary to determine what were the issues made by this answer, for the reason that the referee, relying on the testimony for the plaintiff, found substantially that the allegations of the complaint were sustained by the evidence, and that the allegations of the answer were not sustainen by the evidence.

The plaintiff proves the services and their value to an amount greater than that stated in the complaint. The defendant sought to prove by two witnesses, sons of the defendant, that in January, 1865, or 1866, or 1867, or the middle of February, 1865 (all these dates being testified to this point by these witnesses), the intestate had said to the defendant that only twenty dollars were due for all services for law, and that this had been paid.

The plaintiff's witnesses may have been correct in all their testimony, and it was not inconsistent with the testimony for the defendant that at a certain time the intestate admitted that a payment of twenty dollars would be in full of all that was done for legal services. If, from all the facts in the case, it might be inferred that this was after the performance of all the services set out in the complaint, that a further inference would be that the intestate had been paid for all services except to the amount of twenty dollars. The position of the defendant is, that the defense did not conflict with the facts stated by the plaintiff's witnesses, and on being uncontradicted, should have been found by the referee to be true.

And it seems clear that if testimony for a plaintiff, being unimpeached, is to be believed, that testimony for the defendant, which does not conflict with the plaintiff's testimony, and is also unimpeached, must be equally believed. This is stated in *Lomer* agt. *Meeker*, (25 *N. Y. R.*, 363.)

" The witness," who testified for the defense, was not impeached or contradicted. His testimony is positive and direct, and not incredible upon its face. It was the duty of the court and jury to give credit to his testimony. The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by court or jury arbitrarily or capriciously. (*Seibert* agt. *Erie R. R. Co.*, 49 *Barb.*, 587.)

This does not take from the jury, or judge acting as a jury, the province of determining in all cases if witnesses are credible, but it implies that witnesses presumptively testify correctly, and unless something appears in the case as a basis of a judgment to the contrary, it is the duty of the tribunal to find that the witness is credible.

If there appears in the case anything which tends to the impeachment of the witness's credibility, the finding of the jury or referee will not be disturbed as to the fact, any more than a finding in regard to any other fact in the case. For instance, in *Lomer* agt. *Meeker*, the opinion of the court states that the witness was not contradicted, and that the story he told was not incredible upon its face, and that the evidence was clear. In *Conrad* agt. *Williams*, (6 *Hill*, 447,) Judge BRONSON, as to the part of that case which rested on the testimony of one uncontradicted witness, says the credibility of that witness was a question for the jury, meaning that, although the jury discredit her, if they had discredited her, the finding would have been sustained. There is no reason to say that impeachment or contradiction must come from witnesses opposed to the witness whose credibility is in question. An important office of cross-examination is to show that the witness contradicts or impeaches himself, or that he gives testimony not credible upon its face. (*Lomer* agt *Meeker, supra.*) Therefore, if in the testimony of the defendant's witnesses in this case, there was anything which tends to impeachment of their credibility, the referee must be supported in disregarding their testimony.

And there were circumstances upon which the referee

had to pass in that regard.   The witnesses were sons of the defendant, testifying to an interview with a deceased man. One of these sons gave in his first examination two different years in which the interview took place, and said no one was present with the deceased but the witness and his father, the defendant; on being recalled by the defendant, he named another year as the right one, and said his brother and another young man were present besides his father and himself, and said that since his last examination he had looked over different memoranda, not in writing, but memoranda in his mind.   The brother testified that the two brothers, another young man, and defendant—there being no reason given for such a crowd of spectators—went to the interview; and as to what was said in the interview, both these witnesses give vague and conflicting statements.   These and other matters of detail that appear in the case were facts upon which the referee properly reflected in determining whether these witnesses were to be relied on, and his conclusion upon them should not be disturbed.   It was not necessary to conclude that these witnesses have testified falsely.   A want of intelligence or of memory on their part that incapacitated them from representating a past event so that reliance could be placed upon them would lead to the same result.

Moreover, it does not appear in the printed case that the settlement said to be made was after the performance of the services in controversy, as testified to by plaintiff.

The complaint stated that the defendant had paid on account of services $110, and the plaintiff gave no testimony as to the payment of more.   The defendant proved no payment, excepting of the twenty dollars, when it was said by these two witnesses there had been a settlement in full. The referee, however, found that the defendant had paid on account $130, and the appellant's counsel urges that nothing in the case accounts for the referee adding $20 to the payment admitted by complaint, except the testimony given by the two witnesses; he must have credited them as to the fact

of paying the $20, and he should, therefore, have believed all the testimony, as he believed that part of it. This is not a correct conclusion. He had the right to believe part and reject part. He may have thought they could be relied upon as to the bare fact of the payment of $20, when they could not be relied on to give a satisfactory account of a conversation which lasted from one half of an hour to an hour, but which they condensed to one or two short sentences.

Plaintiff's witnesses gave testimony after looking at certain books, some of which were and some of which were not in his handwriting, and which he testified "refreshed his memory." Defendant's counsel moved to strike out the testimony.

The referee was correct in denying the motion.

The testimony thus given was from witness's memory, and like other legal testimony in that respect.

Judgment should be affirmed with costs.