By the Court. — Sedgwick, J.
The complaint alleged that the intestate, at the request of defendant, rendered services as attorney and counsellor to him of the value of eight hundred and eighty-six dollars and sixty-five cents, from July 1, 1861, to April 15, 1867, and that the defendant had paid on account of said services the sum of one hundred and ten dollars, leaving due seven hundred and seventy-six dollars and sixty-five cents. The answer put in issue the value of the services, and set up that from July 1, 1861, to November 29, 1864, the defendant paid to the intestate “ divers sums of money as the same were demanded by said William It. Stafford, amounting in all to the entire amount of the indebtedness of defendant to him, which was, as defendant believes, more than the sum of six hundred dollars.” The answer further alleges, that about November 29, 1864, an account was stated between the intestate and the defendant, and that in such statement twenty dollars was found due to the intestate, which the defendant paid to him, and was received by him in full settlement of all his claims and demands whatsoever against the defendant.
It is not necessary to determine what were the issues made by their answer, for the reason that the referee, relying on the testimony for the plaintiff, found sub *271 stantially, that the allegations of the complaint were sustained by the evidence, and that the allegations of the answer were not.
The plaintiff proved the services and their value to an amount greater than that stated in the complaint. The defendant sought to prove by two witnesses, sons of the defendant, that in January. 1865, or 1866, or 1867, or the middle of February, 1865 (all these dates being testified to this point by these witnesses), the intestate had said to the defendant that only twenty dollars were due for all services for law, and that this had been paid.
The plaintiff’s witnesses may have been correct in all their testimony, and it was not inconsistent with the testimony for the defendant, that at a certain time the intestate admitted that a payment of twenty dollars would be in full of all that was due for legal services. If, from all the facts of the case, it might be inferred that this was after the performance of all the services set out in the complaint, then a further inference would be, that the intestate had been paid for all services, except to the amount of twenty dollars. The position of the defendant is, that the defense did not conflict with the facts stated by the plaintiff’s witnesses, and so, being uncontradicted, should have been found by the referee to be true.
And it seems clear, that if testimony for a plaintiff, being unimpeaehed is to be believed, that testimony for the defendant, which does not conflict with the plaintiff’s testimony and is also unimpeached, must be equally believed. This is stated in Somer v. Meeker, 25 N. Y. 363. “The witness ‘who testified for the defense ’ was not impeached or contradicted. His testimony is positive and direct and not incredible upon its face. It was the duty of the court and jury to give credit to his testimony. The positive testimony of an unimpeached uncontradicted witness cannot be disregarded by court or jury arbitrarily or capriciously.” *272 (Siebert v. Erie R. R. Co., 49 Barb. 587.) This does not take from the jury, or judge acting as a jury, the province of determining in all cases if witnesses are credible, but it implies that witnesses presumptively testify correctly, and unless something appears in the case as a basis of a judgment to the contrary, it is the duty of the tribunal to find that the witness is credible. If there appears in the case any thing, which tends .to the impeachment of the witness in credibility, the finding of the jury or referee will not be disturbed as to that fact, any more than a finding in regard to any other fact-in the case. For instance, in Somer v. Meeker, the opinion of the court states that' the witness was not contradicted, and that the story that he told was not incredible upon its face, and that the evidence was clear. In Conrad v. Williams, 6 Hill, 447, Judge Bronson, as to the part of that case which rested on the testimony of one uncontradicted witness, says the credibility of that witness was a question for the jury ; meaning, that although the jury discredit her, if they had discredited her, the finding would have been sustained. There is no reason to say that impeachment or contradiction must come from witnesses opposed to the witness whose credibility is in question. An important office of cross-examination is to show that the witness contradicts or impeaches himself, or that he gives testimony not credible upon its face (Somer v. Meeker, supra). Therefore, if in the testimony of the defendant’s witnesses in this case, there was anything which tended to impeachment of their credibility, the referee must be supported in disregarding their testimony.
And there were circumstances upon which the referee had to pass in that regard. The witnesses were sons of the defendant, testifying to an interview with a deceased man. One of these sons gave in his first examination two different years as the year in which the *273 interview took place, and said no one was present with the deceased but the witness and his father, the defendant ; on being recalled by the defendant he named another year as the right one, and said his brother and another yonng man were present besides his father and himself, and said that since his last examination he had looked over different memoranda, not in writing, but memoranda in his mind ; this brother testified that the two brothers, another young man, and defendant, there being no reason given for such a cloud of spectators, went to the interview, and as to what was said in the interview ; both these witnesses give vague and conflicting statements. These and other matters of detail that appear in the case, were facts upon which the referee properly reflected, in determining whether these witnesses were to be relied on, and his conclusion upon them should not be disturbed. It was not necessary to conclude that these witnesses had testified falsely. A want of intelligence or of memory on their part, that incapacitates them from representing a past event, so that reliance could be placed upon them, would lead to the same result.
Moreover, it does not appear from the printed case that the settlement said to be made was after the performance of the services in controversy, as testified to by plaintiff.
The complaint stated that the defendant had paid on account of services one hundred and ten dollars, and the plaintiff gives no testimony as to the payment of more. The defendant proved no payment, excepting of the twenty dollars, when it was said by these two ■witnesses there bad been a settlement in full. The referee, however, found that the defendant had paid on account one hundred and thirty dollars, and the appellant’s counsel urges that as nothing in the case accounts for the referee adding twenty dollars to the payment admitted by complaint, except the testimony given by *274 the two witnesses, he must have credited them as to the fact of the paying the twenty dollars, and he should, therefore, have believed all of the testimony as he believed that part of it. This is not a correct conclusion. He had the fight to believe part and reject part. He may have thought that they could have been relied on as to the bare fact of the payment of twenty dollars, when they could not be relied on to á satisfactory account of a conversation which lasted from one-half of an hour to an hour, but which they condensed to one or two short sentences.
Plaintiff ’ s witnesses gave testimony after looking at certain books, some of which were and some of which were not in his handwriting, and which he testified “refreshed his memory.” Defendant’s counsel moved to strike out this testimony. The referee was correct in denying this mption. The testimony thus given was from witness’s memory, and like other legal testimony in that respect.
Jndgment should be affirmed, with costs.