## JOHN CULHANE *vs.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

In an action for negligence, the question whether a bell was in fact rung, at a
street crossing, at the time of a collision with a locomotive, was the chief
and material question, at the trial, and the only one submitted to the jury.
In behalf of the defendant, five witnesses testified positively that the bell
was rung ; that they both heard and saw it ringing. For the plaintiff, two
witnesses testified that, although present and listening, they *heard* no bell.
*Held,* that the burden of proof was with the plaintiff, and he was bound to
make out his case, by a preponderance in the testimony, upon the whole
issue.

*Held,* also, that he had failed to do so. That the weight of the testimony was
decidedly with the defendant, and the verdict of the jury should have been
rendered accordingly.

Although it is the province of the jury to weigh evidence, and to pass upon
the credit of the witnesses testifying before them, yet they have no right,
arbitrarily and capriciously, to disbelieve the testimony of any unimpeached
and uncontradicted witness.

They must consider the relative situation of the witnesses, their means of
knowledge, and the character of their testimony ; and also their liability to
detection and punishment in case they give false testimony.

APPEAL, by the defendant, from a judgment en-
tered upon a verdict in favor of the plaintiff, and
also from an order denying a motion for a new trial, on
a case and exceptions.

The action was to recover damages for negligence in
killing the plaintiff's horse, and damaging his wagon,
by means of a collision with an engine of the defen-
dant, at a street crossing, in Rochester.

After the first trial, the case went to the Court of Appeals, and was, by that court, sent back for a new trial. (*See* 60 *N. Y.*, 137, *S. C.*) On the second trial, the case was not varied, except as appears in the following opinion. The opinion states the facts necessary to a proper understanding of the case.

*Harris & Cook*, for the appellants.

*J. H. Martindale*, for the respondent.

*By the Court*, E. DARWIN SMITH, J. Upon this appeal we are asked to grant a new trial, not upon any question of law, but upon the single ground that the verdict is against the clear weight of the evidence. To establish the cause of action alleged in his complaint the plaintiff was bound to prove that his horse was killed while his servant was attempting to drive him across the defendant's railroad, in the public street, by reason of the negligence of the defendant's agents, without fault on his part.

The attempt to cross the said railroad by such servant, and the collision with the defendant's locomotive, which ensued, occurred in open day about noon, and would apparently seem, as stated by Judge ALLEN in the review of this case upon a former trial, in 60 *N. Y.*, 137, "to have been in part if not wholly the result of carelessness on the part of the servant in charge of the plaintiff's team."

This, I should think, would be clearly so, if the bell upon the defendant's locomotive which caused the injury was in fact rung at the time, and heard by such servant.

The question whether such bell was in fact rung at the time was therefore the chief and material question, at the trial, both in respect to the questions whether the plaintiff's servant was free from fault at the time, and also in respect to the main question of the defendant's negligence.

There was no pretence at the trial, or on the argument before us, that any negligence could be imputed to the defendant except the omission to ring such bell, and this was the only question of fact submitted to the jury.

On this question of-fact the learned judge at the circuit, in his charge, states correctly the evidence of the plaintiff's servant who was driving the horse at the time, who stated that as he approached the crossing he listened for the bell and heard none, and also that of a person riding with such servant at the time, who testified substantially to the same effect.

On the part of the defendant, the learned judge states the evidence on this point as follows : Ward, the fireman who had control of the engine, testifies that when he crossed Hudson street on his way up, Peer got on the engine and rang the bell from that point until the time of the accident. Peer testifies to the same thing. Sullivan, who says it was his duty to call the firemen and engineers, says the bell was rung ; that he heard it, and saw the man pulling the bell-cord. Milligan testifies that he heard the bell, and saw it swinging ; and Hogan testifies, "The bell was ringing." This last witness further testifies, on cross-examination, that he noticed the bell was ringing, because he looked up and saw it ringing.

Here is the testimony of five witnesses, as the judge states it, "given with the degree of positiveness apparent from their statements."

It is affirmative testimony, where there was no room for mistake. These witnesses were on the ground at the time of the collision, and their attention was then directed to the fact of the ringing of such bell.

Each and every of these witnesses were guilty of wilful and corrupt perjury if the said bell was not in fact rung, at the time, as stated by them, to their respective knowledge.

This is not so in respect to the plaintiff's two witnesses. They simply testified that they listened, and

did not hear the bell. That may have been so, without any impeachment of their integrity as witnesses.

Here were five witnesses against two. They were in no way impeached, and there is nothing in the case to show that they were unworthy of belief.

It is doubtless the province of the jury to weigh evidence, and to pass upon the credit of the witnesses sworn and testifying before them, but they have no right, arbitrarily or capriciously, to disbelieve the testimony of any witness not impeached or contradicted. (*Lomer* v. *Meeker*, 25 *N. Y.*, 363. *Seibert* v. *Erie Railway Co.*, 49 *Barb.*, 586.)

They must consider the relative situation of the witnesses, their means of knowledge, and the character of their testimony, and also their liability to detection and punishment in case they give false testimony.

The testimony of McKinne and Richard, the plaintiff's witnesses, was not positive ; it was merely that they listened and did not *hear* any bell ring. This evidence was doubtless sufficient, *prima facie*, to take the case to the jury on the question whether the bell was in fact rung or not ; but it was not capable of contradiction, nor could these witnesses be convicted of perjury if their testimony were false. It was merely that they did not hear any bell ; and who could say that they did in fact hear it, however loud it might in fact have rung.

This consideration does not apply to the five witnesses who testified for the defendant that the bell did in fact ring at the time. While it is true that the number of witnesses on each side of the question should not necessarily control in the consideration of the jury, they should nevertheless consider, as in this case, that it was far more unlikely that five witnesses would commit wilful and corrupt perjury than that two would or might do so, when they testify to the same fact with equal means of knowledge. And besides, in this case the jury should have remembered and considered that the

burden of proof was upon the plaintiff, and that he was bound to make out his case by a preponderance in the testimony upon the whole issue. (*Butler* v. *Hud. Riv. R. R. Co.*, 18 *N. Y.*, 248.) Most clearly the plaintiff on the trial failed to do so.

The weight of the testimony was decidedly with the defendant, and the verdict of the jury should have been rendered accordingly.

The order denying a new trial, and the judgment, should be reversed, and a new trial granted, with costs to abide the event.

Judgment accordingly.

[FOURTH DEPARTMENT, GENERAL TERM at Rochester, October, 1876. *Mullin, E. Darwin Smith* and *Talcott*, Justices.]