BRENNAN *v.* NEW YORK CENT. & H. R. R. Co.

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where there is sufficient evidence to sustain the verdict, and the case has been properly submitted, the supreme court will not grant a new trial merely because the court, if on the jury, might have given a different verdict.

Appeal from circuit court, Orange county.

Action by Patrick Brennan against the New York Central & Hudson River Railroad Company to recover damages for injuries received on defendant's train. Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Ashbel Green,* for appellant. *John M. Gardner,* for respondent.

DYKMAN, J. The plaintiff has recovered judgment against the defendant for personal injuries sustained on the West Shore road at Newburgh, and the defendant has brought the case here for review on appeal. It is very seldom that a case is so stubbornly contested upon the facts as this has been, for almost the only undisputed material fact in the case is the injury of the plaintiff by one of the defendant's trains. The company controverted the very initial fact upon which the plaintiff based his case, and denied that the relation of passenger and carrier existed between him and the defendant. Not only were the material facts placed in controversy, but the whole field was fought over and contested inch by inch. It was the claim of the company that the plaintiff stole his ride, if he was on the train at all, and that when he sustained his injuries he was endeavoring to escape unobserved from the train, upon which he rode without pay and without observation. It was also claimed that the plaintiff left the train on the wrong side, and rushed blindly into danger, when he had a perfectly plain and safe place of exit on the east side of the train. The damaged character of the plaintiff was thrown into the scale against him, and the attitude of the parties was one of fierce warfare from the commencement to the end of the trial. The case was submitted to the jury with an elaborate charge, in which we detect no error, and the plaintiff obtained the verdict. Under such circumstances there is but small scope for the operation of an appellate tribunal. If we say a different result would have been more satisfactory to us, it is immaterial, and if we say we would have made another verdict, it is immaterial also; for the facts were for the jury, and we cannot deprive that body of its prerogative. If there be testimony sufficient to sustain the verdict, it must stand. In this case, if the jury found the testimony of the plaintiff true, it was sufficient, and we must now assume that such was the finding. In our view, the case was one eminently proper for the jury, upon the question of the negligence of the defendant and the contributive negligence of the plaintiff, and that the case was properly submitted. The judgment and order appealed from should be affirmed, with costs.