## VOLK *v.* LIVINGSTON.

*(Supreme Court, General Term, Third Department. May 26, 1890.)*

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where plaintiff's contention in an action for personal injuries is supported by three witnesses, whose testimony is denied by seven witnesses for defendant, a verdict for plaintiff will not be disturbed on appeal.

Appeal from circuit court, Rensselaer county.

An action by Otto Volk, an infant, by Wilhelmina Volk, his guardian *ad litem*, against Johnson Livingston, as president of the National Express Company, to recover for personal injuries received through the alleged negligence of defendant's servant. There was a verdict for plaintiff for $150. From the judgment entered thereon defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Warren, Patterson & Gambell,* for appellant. *Merritt & Ryan,* for respondent.

MAYHAM, J. The plaintiff, while driving a team on one of the streets of Troy, was, by reason of a collision between his vehicle and one of the defendant's, thrown from his seat to the pavement, and suffered a fracture of both his arms. For that injury he brings this action against the defendant, and at the Rensselaer circuit recovers a verdict for $150, on which judgment was entered, and the defendant appeals to this court. At the conclusion of the evidence, the defendant asked the trial judge to nonsuit the plaintiff on the

ground that the accident did not occur through the negligence of the defendant; also that the evidence showed, beyond contradiction, that the accident did occur through the plaintiff's negligence; also that the evidence shows that the accident occurred by reason of the plaintiff's neglect to obey the law of the road; also that the plaintiff has shown no cause of action. The motion was denied, and the defendant excepts.

No other exception seems to have been taken at the trial, and the defendant seeks to reverse the judgment on that exception, and on the ground that, from all the evidence in the case, the verdict is against the clear weight of evidence, and wholly unsupported by it. On the trial the plaintiff introduced three witnesses, all of whom testify, in substance, that at the time of the accident plaintiff was driving a horse attached to some kind of a delivering wagon for merchandise, and while passing down Third street, at a moderate rate of speed, near Jefferson street the defendant's team, hitched to an express wagon, and driving at a rapid rate of speed, collided with the plaintiff's wagon with such violence as to precipitate the plaintiff from his seat on the wagon to the pavement, breaking both his arms. At the time of this collision the plaintiff and his witnesses claim that he was near the middle of Third street, and that a furniture wagon was on his right, and nearly opposite; that the express wagon "came along, driving fast, and drove right into the wagon in which the boys were." All the plaintiff's witnesses agree that the plaintiff was coming down Third street near Jefferson, intending to turn to the left up Jefferson street; that, just before reaching Jefferson street, plaintiff turned to the left to pass a furniture wagon which was going in the same direction; and that at the time of the collision he was at least ten feet from the curb-stone on his left. The defendant introduced seven witnesses, who speak with more or less certainty as to the occurrence, some of whom deny that the defendant's team was moving rapidly, the driver testifying that his wheel was within three feet of the curb on his right as he was passing into and up Third street at the time of the collision, and the plaintiff was driving rapidly, and the defendant's team was about stopped at the time of the injury. There is therefore a plain conflict between the testimony given by plaintiff's witnesses and that given by some of the witnesses offered by the defendant, and the court left it to the jury to determine who was correct.

It is the spirit and theory of our judicial system that in actions at law disputed questions of fact shall be determined by a jury; and when there is a clear dispute upon a question of fact, with conflicting evidence, it is the duty of the trial court to send such questions to the jury; and ordinarily, in such cases, where there has been no error of law or misdirection by the judge, the verdict of the jury will not be disturbed by the appellate court. But the rule that disputed questions of fact belong exclusively to the jury is not of universal application; and, when there is such a clear and manifest preponderance of evidence against the verdict as to evince passion or prejudice on the part of the jury, the court may set the verdict aside as clearly against the weight of evidence. In *Culhane* v. *Railroad Co.*, 67 Barb. 562, the court set aside the verdict, as against the weight of evidence, where five unimpeached witnesses swore to a fact positively against the verdict, and two in support of their findings. But the court, in that case, recognizes the fact that evidence must be weighed, and not counted. In other words, the jury must take into account the appearance and demeanor of the witnesses, their opportunity to know the facts to which they testify, and that the number of witnesses on a side could not necessarily control in the consideration of the jury. In reviewing the verdict of the jury on disputed questions of fact, the court, on appeal, also takes into account the superior advantage of the jury in judging of the truth of the stories of the witnesses, by reason of the inopportunity to observe the demeanor of the witness while giving testimony,—a privilege of great value in judging of the truth of the story of a witness, and one not en-

joyed by the appellate court. Hence the apparent numerical preponderance of witnesses against the verdict of the jury will not always justify the appellate court in setting aside a verdict. The rule upon this subject seems to be that the verdict will not be set aside when there is evidence to support it, unless the preponderance of proof against it is so manifest as to create a well-grounded reason to believe that it was the result of passion or prejudice, (*Godfrey* v. *Moser*, 66 N. Y. 250–252; *Brennan* v. *Railroad Co.*, 8 N. Y. Supp. 716;) and the verdict will not be set aside unless the most satisfactory reason is shown therefor, (*Probst* v. *Delamater*, 100 N. Y. 267, 3 N. E. Rep. 184; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459, 11 N. E. Rep. 43; *Cahill* v. *Hilton*, 106 N. Y. 522, 13 N. E. Rep. 339.) In order to justify the setting aside of a verdict, there must be a clear preponderance of evidence on the side of the appellant. *Chase* v. *Belding*, 1 N. Y. Supp. 48. Tested by these rules, we do not see how this verdict can be set aside, or this judgment reversed, on the ground that the verdict is against the evidence. The case was fairly presented to the jury by the trial judge, the duty of the parties meeting upon the street explained, the rule of law governing actions for negligence fully stated, and the plaintiff's burden of proof clearly presented; and no exceptions were taken to the charge; and there is nothing in the amount of the verdict which indicates passion or prejudice on the part of the jury.

The judgment must be affirmed, with costs.   All concur.