First Appellate Department, April, 1904. Reported. 93 App. Div. 612.

PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* BERNARD REICH AND OTHERS, Appellants.

*Levy & Unger,* for appellants, Reich and Sharkey.

As the defendants were compelled to rest their defense upon negative evidence, the court should have allowed the questions of

fact to go to the jury. (*People* v. *Coombes*, 36 App. Div. 284, affd. 158 N. Y. 532.) The defendants did not " suffer or permit " the premises to be disorderly, because the conversation between the women in the restaurant and the plaintiff's witnesses was not overheard. (*Cowley* v. *People*, 83 N. Y. 464; *Gregory* v. *U. S.* 17 Blatch. 325.)

The defendants kept a hotel, sold liquor only with meals, and the case should be treated as if the Trial Court had permitted an amendment to their answer setting forth such defense. (*Clemons* v. *Davis*, 4 Hun, 260; *Tripp* v. *Pulver*, 2 Hun, 511; *Harris* v. *Tumbridge*, 83 N. Y. 92; *Reeder* v. *Sayre*, 70 N. Y. 180; *Hudson* v. *Swan*, 7 Abb. N. C. 324.) As to unlawful sales of liquor between twelve and one o'clock a. m. Sunday, there was an absence of proof as to the standard time of watches of plaintiff's witnesses, and the question of time should have been left to the jury (Laws of 1892, chap. 677). The court erred in directing a verdict (*Cullinan* v. *Furthmann*, 70 App. Div. 111, and cases cited).

*Herbert H. Kellogg,* for respondent.

The motion to amend the answer by setting up the defense of a " hotel " was properly denied, as such would be a " new defense." (*Schuyler* v. *Rorphuro*, 63 App. Div. 206; *Cullinan* v. *Trolley Club*, 65 App. Div. 202; *Ford* v. *Ford*, 53 Barb. 525; *Wright* v. *Delafield*, 25 N. Y. 267; *Balcom* v. *Woodruff*, 7 Barb. 13; *Barnes* v. *Seligman*, 29 St. Repr. 68; *Graves* v. *Cameron*, 9 Daly, 152.)

Even at special term, it is a matter of discretion. (*Cox* v *Radford*, 13 Abb. 209; *Hughes* v. *Cuming*, 36 App. Div. 302; *Hurlbut* v. *Int. Conduit Co.* 21 N. Y. Supp. 1007; *Harrington* v. *Slade*, 22 Barb. 161; *Union Dime Bank* v. *Sanford*, 4 Week. Dig. 187; *Muller* v. *Muller*, 21 Week. Dig. 287.) Direction of verdict was proper. (*Cullinan* v. *Criterion Club*, 39 Misc. 270, affd. 86 App. Div. 626; *Matter of Schuyler* v. *Rorphuro*, 63 App. Div. 206; *Matter of Lyman* v. *Young Men's Cosmo. Club*, 28 App. Div. 127; *Cullinan* v. *Trolley Club*, 65 App. Div. 202; *People* v. *Crotty*, 22 App. Div. 77; *Lyman* v. *Shenandoah Social Club*, 39 App. Div. 459; *Lyman* v. *Gramercy Club*, 39 App. Div. 661; *Lyman* v. *Harley*, 65 App. Div. 614, affd. 171 N. Y. 661; *Cullinan* v. *Austin*, 71 App. Div. 617; *Dwight* v. *Ins. Co.*, 103 N. Y. 341; *Ilston* v. *Evans*, 27 App. Div. 447; *Lyman* v. *Griffin*, 43 App.

Div. 623; *Lyman* v. *Brucker*, 26 Misc. 594, affd. 42 App. Div. 624.; The plaintiff proved that defendants " suffered and permitted' premises to become disorderly. (*Cullinan* v. *Parker*, 39 Misc. 445, affd. 84 App. Div. 296, affd. 177 N. Y. 573; *Cullinan* v. *Sisto*, 87 App. Div. 631; *Cullinan* v. *Kemble*, 87 App. Div. 631; *Cullinan* v. *Kuch*, 84 App. Div. 642, affd. 177 N. Y. 303; *Lyman* v. *Shenandoah Social Club*, 39 App. Div. 459; *Lyman* v. *Gramercy Club*, 39 App. Div. 661.)

The correctness of the watches of plaintiff's witnesses was established by comparison with standard New York city time as used at police headquarters and regulated at Tiffany's.

The denials as to sales between twelve and one o'clock a. m. Sundays were so indefinite as to raise no issue for the jury, or require the submission of the question as to credibility of plain-tiff's witnesses. (*Culhane* v. *City*, 60 N. Y. 133; *Same* v. *Same*, 67 Barb. 562; *Tolman* v. *Syracuse*, 27 Hun, 325; *Taylor* v. *Ry. Co.* 16 App. Div. 1.)

Judgment and order affirmed, with costs. No opinion.