[No. 5650.]

## SCOTT v. TUBBS.

**Appellate Practice—Misconduct of Jurors—New Trial.**

The respondent, in condemnation proceedings, should be given a new trial, without payment of costs, on the ground of misconduct of jurors, where, after inspection of the property, four of the jurors, apart from the officer in charge, went with petitioner, on his invitation, to a saloon, and drank with him—and this without regard to the question of whether the verdict was affected thereby; and, in reviewing this question, the appellate court will not consider what other courts have done under similar circumstances, for questions like these cannot be determined by the weight of authority, unless there be a doubt in the minds of the court as to the course to pursue.—P. 223.

*Error to the County Court of Summit County.*
*Hon. J. W. Swisher, Judge.*

Action by Avery B. Tubbs against James K. Scott. From a judgment for petitioner, respondent brings error.                    *Reversed.*

. Mr. JAMES F. CALLBREATH, Jr., for plaintiff in error.

No appearance for defendant in error.

. CHIEF JUSTICE STEELE delivered the opinion of the court:

The action was brought under the statute entitled "Eminent Domain," and had for its purpose the condemnation of the plaintiff in error's land to the use of the defendant in error for an irrigating canal. A jury assessed the plaintiff's damages at forty dollars. Judgment was entered upon the verdict. The costs, amounting to $303.50, were taxed against the plaintiff in error.

Several assignments of error are discussed in the brief, but we shall ignore all but one, that relating to the improper conduct of the jury. Before proceeding to a consideration of the assignment of error mentioned, we direct attention to the opinion of this court in the case *Colorado Fuel & Iron Co. v. Four Mile Railway Co.*, 29 Colo. 90, wherein the statutes providing for the summoning of a jury in proceedings under the "Eminent Domain" act are construed.

Upon the day set for the hearing, at the request of petitioner it was ordered that the jury inspect the premises sought to be condemned. After the examination of the premises and before returning to the court-room, four of the jurors, apart from the officer in charge of the jury, went to a saloon in company of the petitioner, defendant in error here, and at his

invitation drank with him at the bar of the saloon. This was conclusively shown by the affidavits filed in support of the motion for a new trial. Two of the jurors state in their affidavits that the petitioner took them to a saloon and treated them, but that their verdict was not influenced thereby, and that they did not know they had been doing wrong. The court offered to set aside the verdict and to grant a new trial upon the payment of the costs by the respondent, but the respondent refused to take a new trial upon the terms proposed. Judgment was then entered, and the respondent appealed.

A new trial should have been granted, and the petitioner should have been required to pay the costs. Such action on the part of the petitioner and the jurors cannot be tolerated, and to excuse such conduct would be to render a trial in a court of justice a farce. It may be that the petitioner and jurors were entirely innocent of any wrong intent, and that no wrong or injustice was in fact done, but the opportunity for wrong-doing under the conditions shown in the affidavit is so great that we must, in order to maintain the integrity of judicial procedure, reverse the case. Jurors who separate from the other jurors and the officer in whose charge they are and accept entertainment from one of the parties while they are considering the case are guilty of such misconduct that a verdict rendered by them has not the appearance even of being fair and impartial. And a party who so far forgets his position as a litigant as to furnish entertainment for jurors who are to pass upon the merits of the controversy in which he is engaged should not complain if a verdict in his favor by jurors with whom he has been in such close communication, and to whom he has furnished drink, is set aside on motion of his adversary. Nor should the court consider whether the verdict was or was not influenced

by the petitioner. The conduct complained of is so manifestly improper that there is but one course open. Nor shall we consider what other courts have done under similar circumstances. Questions like these cannot be determined by the weight of authority, unless there be a doubt in our minds as to the course for us to pursue; and as no doubt exists, we shall reverse the judgment.       *Reversed.*

Mr. Justice Goddard and Mr. Justice Bailey concur.