MARTINES STEENBURGH, Appellant, *v.* CHARLES McRORIE et al., Respondents.

(County Court, Otsego County, September, 1908.)

Damages — Exemplary damages — Trespass on land — Punitive damages.

Justices of the Peace — Procedure in justices' courts — Pleading — Plea to jurisdiction — Plea of title — Necessity of undertaking.

New trial — Grounds — Misconduct of or affecting jury — Treating jury to cigars.

Trespass — Acts constituting trespass and liability therefor — Persons liable — Trespasser ab initio.

In an action in a justice's court for trespass upon real estate, where defendants alleged in their answer in justification of their acts that the premises had been used by the public for more than twenty years as a highway, and that the defendants had, therefore, the legal right to enter thereon and remove obstructions therefrom, but where the defendants did not deliver to the justice an undertaking, as provided by section 2952 of the Code of Civil Procedure, they could not give evidence showing that the public had the right to use the premises as a highway.

In such a case, where the uncontradicted evidence showed that the defendants entered upon premises which were in the possession of plaintiff, and had been for three years, and showed the entry thereon by defendants, in the absence of evidence showing a right to enter, plaintiff was entitled to a verdict for at least nominal damages.

And where it appeared that the defendants entered upon the premises with threats of violence and addressed insulting and abusive language to the plaintiff and his wife, the plaintiff was

entitled to recover exemplary damages; and it was not necessary or proper to take the opinions of witnesses as to the amount of such damages.

In the case of the obstruction of a legal highway, those desiring to use it should apply to the highway commissioners to cause the removal of such obstruction and have no right to take the law's enforcement into their own hands.

Where, in an action before a justice of the peace, the attorneys for the prevailing party treated the jurors to cigars twice in open court during the progress of the trial and before the jurors had retired to deliberate on their verdict, the verdict should be set aside.

APPEAL from a judgment in favor of defendants, rendered by a justice's court.

S. W. Barnum, for appellant.

James A. McFarran, for respondents.

BARNUM, J.   This is an appeal by the plaintiff from a judgment, entered in justice's court, upon a verdict of a jury in favor of defendants of no cause of action.

The complaint alleged that the defendants, numbering nine, in April, 1908, wrongfully and unlawfully entered upon lands in the lawful possession of the plaintiff, situated in the town of Roseboom in this county, and maliciously and willfully tore down, broke and destroyed one gate and two pairs of bars and otherwise injured the premises to plaintiff's damage $150.

The defendants alleged in their answer that the premises mentioned had been used by the public for more than twenty years as a highway, and that the defendants had, therefore, a legal right to enter upon the premises and to remove obstructions, which they alleged had been placed thereon by the plaintiff.

Defendants did not deliver to the justice a written undertaking, as provided by section 2952 of the Code of Civil Procedure, without which they could not give evidence showing that the public had the right to use the so-called farm road as a highway.   If the defendants desired to rely upon a public easement as a defense they should have filed an

undertaking; then the action could have been removed to the Supreme Court.

The justice correctly excluded all evidence tending to establish a public right to a highway crossing the farm, and there is no evidence tending to show that the entry of the defendants upon the premises was lawful.

Plaintiff's testimony is that defendants entered upon the premises of which he then was and had been continuously in possession for three years; that his family consisted of his wife and girl five years old; that defendants took the gate and bars down, broke and cut the boards and threw the pieces toward plaintiff's house, and said to his wife that they would make good kindling wood; that they said, " he is coming; get the gun and whitecap him;" that they were then throwing stones and little trees out of what plaintiff designates as the farm road; that one of the defendants, with an ax in his hand, said, " we ought to whitecap him;" that one defendant said, " they will not hurt you; if there was any man about you, you would open this up; I will law my farm away; I have got more money to law with than you have; go and see a lawyer;" that one of the defendants said he could lick plaintiff.

Plaintiff's wife testified that she was sewing and heard a noise, hallooing and hooting; that she saw pieces of board flying; that all of the defendants were present. Plaintiff's wife testified to substantially the same acts and language on the part of defendants as the plaintiff did. She also testified that one of the defendants called plaintiff an Italian; that one of them said to her that if she came out he would slap her face; that, as she was standing on the farm road, one defendant told her to get off the road or they would run over her; that she had no right there; that she stood on the edge of the farm road and he drove so that the hub of the wheel hit her.

The defendants put in evidence an extract from plaintiff's diary in which he calls the *locus in quo* the dugway road, and recites the circumstances of the entry complained of, without material variation from the testimony given on the

trial, and stating that defendants referred to his wife as a d—— bitch, and threatening to take his d—— guts out.

The return shows that all of the defendants appeared personally at the trial and with counsel, but no part of plaintiff's testimony was denied by any of defendants.

Two of the defendants were called as witnesses by defendants and substantially admitted that all of the defendants were present on the occasion in question; they did not contradict any part of plaintiff's testimony.

The entry in plaintiff's diary, reciting his version of the transaction in question, having been read in evidence by the defendants and not in any way questioned by them or shown to be untrue, was evidence tending to sustain plaintiff's case, and the jury was not at liberty to disregard it.

The jury disregarded the uncontradicted evidence of plaintiff, his wife, and the memorandum put in evidence by defendants. The witnesses were not impeached as to their credibility. The positive testimony of a witness unimpeached as to credibility cannot be disregarded arbitrarily or capriciously by the court or jury. Seibert v. Erie Railroad Co., 49 Barb. 583; Lomer v. Meeker, 25 N. Y. 363; Culhane v. N. Y. C. R. R. Co., 67 Barb. 565.

The uncontradicted evidence showed that the defendants entered upon premises which were in the possession of plaintiff and had been for three years.

The defendants did not show any right to enter upon the premises.

Proof of possession of the premises and the entry thereon by the defendants, in the absence of evidence showing a right to enter, established a case against the defendants; and plaintiff was entitled to a verdict for at least nominal damages. Donohue v. Whitney, 133 N. Y. 178; Abb. Tr. Ev. (2d ed.) 804; 2 Wait L. & Pr. (7th ed.) 174.

Plaintiff's recovery was not limited to nominal damages. There was evidence sufficient to sustain a claim that the language used and the acts of defendants were insulting and abusive, and that defendants were inspired by malice in their speech and conduct.

The appellant insists that plaintiff was entitled to a ver-

33

County Court, Otsego County, September, 1908.   [Vol. 60.

dict beyond nominal damages; that the circumstances shown are such as to make it the duty of a jury to give exemplary damages.

Adams v. Rivers, 11 Barb. 390, was a case where a man in passing along a public street of a village stopped in front of a man's house and remained there, using offensive and abusive language. The jury rendered a verdict for the plaintiff for $20 damages.

Judge Willard, in affirming the justice's judgment on appeal to the Supreme Court, said: "The jury was not limited to mere compensatory damages, and the court could not have interfered had the recovery been five times as much as it was."

This case was cited with approval by the General Term of our department in McCaffrey v. Smith, 4 N. Y. St. Repr. 12. Judge Parker said: "Any use of a highway except for the purposes of traveling, and the making of necessary repairs, under the direction of the proper authorities, constitutes a trespass against the adjoining owner."

Sheldon v. Baumann, 19 App. Div. 63, is a case where the trial court held that although the complaint alleged a malicious trespass, only actual damages could be recovered.

Judge Rumsey says, in reversing the judgment, "The action was clearly brought for trespass upon real property, and the allegations of the plaintiff, stating as they did that the trespass was committed unlawfully, willfully and wantonly and without any right whatsoever, were sufficient to entitle the plaintiff to exemplary damages if such a trespass had been proved. That exemplary damages may be given in an action for trespass on real property is not to be denied."

Judgment in favor of defendant was reversed because of the error of the trial court in refusing to allow plaintiff to show malice on the part of defendants.

Under the evidence appearing in this case the plaintiff was entitled to recover exemplary damages, and it was not necessary or proper to take the opinion of witnesses as to the amount of such damages.

The rule that a reversal will not be given where plaintiff upon a new trial could only recover nominal damages, and

the action seems to have been brought merely for costs and vexation, does not obtain in this case. Upon a new trial, if the evidence should be the same, the jury might render a verdict for substantial exemplary damages.

Even if there was a public highway, as claimed in defendants' answer, and plaintiff had placed the obstructions there, the highway commissioner of the town was the proper person to cause the obstructions to be removed. Highway Law, § 105.

The defendants took an improper course, even if they were right, which the evidence furnishes no reason to presume, in claiming that there was a public highway.

If a legal highway is obstructed those desiring to use it should apply to the highway commissioner to cause the obstruction to be removed; they have no right to take the law's enforcement into their own hands and thus perhaps precipitate a breach of the peace. The proper official should be the acting party.

If the defendants had possessed the right to remove obstructions their conduct while on the plaintiff's premises made them trespassers.

The verdict of the jury is against the evidence and cannot be upheld.

The justice in his return states that " James J. Byard, Jr., one of the attorneys who tried this case for the defendants, did treat the jurors, before whom this cause was tried, to cigars twice in open court during the progress of said trial, in his presence, and before said jurors had retired to deliberate on their verdict. Several of said jurors accepted the cigars from said Byard each time."

The appellant refers to the treating of the jury in his notice of appeal and sets it up as ground for reversal.

I have not succeeded in finding any case where the question of the effect upon the verdict of the jury of treating the jury to cigars has been passed upon by the courts of this State.

The rule seems to be absolute that a verdict will not be sustained where the jury drank intoxicating liquor after their retirement for deliberation; and this has been held to

**516** Steenburgh *v.* McRorie.

be the rule where both parties consented and intoxication was not known to have resulted, and the verdict appeared to be reasonable. See Hanrahan v. Ayres, 10 Misc. Rep. 435, and cases cited.

One reason for the rule, undoubtedly, is that it is impossible to measure or estimate the effect of an alcoholic stimulant upon the minds of the jurors, or its possible effect upon their verdict.

There is no probable danger of the use of cigars affecting the minds of the jurymen in such way as to affect their verdict. The danger is not in the use of the gift, the cigars, in this case; but it lies in the probability that the attorney may have won the favor of the jury or created the impression that a measure of obligation existed because of the gift of the cigars, which may have created in their minds a feeling that they had received a favor, and a desire to reciprocate. The act of treating the jury gives rise to a suspicion of attempted improper influence. If the court can be satisfied, in considering any irregularity or misconduct on the part of jurors, or the parties, or their attorneys, or of the court, that the party complaining has not or could not have sustained any injury from it, the verdict will not be set aside.

In this case it cannot be seen that the plaintiff could not have been, nor that he was not, injured by the treating of the jury. It is impossible to measure or estimate the effect upon the minds of the jury of the act complained of, or its possible or probable effect upon their verdict.

The court cannot say that it had no effect upon their verdict, confronted as it is with the fact that their verdict in favor of the parties whom the attorney represented is against the evidence and entirely unsupported. If there had been conflicting testimony it might be suggested that no actual injury resulted. It is impossible to say that the verdict was not inspired by the improper act of the attorney.

It is stated in the American and English Encyclopedia of Law, volume 17, page 1235, that the general rule is that a new trial will be granted if jurors are entertained during the trial by the party in whose favor a verdict is rendered.

The author cites to sustain his position decisions by the courts of England, the United States courts, and decisions of the State courts of many of our States.

It has been held that a new trial should be granted where the prevailing party treated the jurors to cigars during the trial in Platt v. Threadgill, 80 Fed. Rep. 192; Doud v. Guthrie, 13 Ill. App. 653; People v. Montague, 71 Mich. 447; Bender v. Buehrer, 8 Ohio C. C. 507; Baker v. Jacobs, 64 Vt. 197.

The judgment must be reversed upon the ground that it is against the evidence.

If ground for reversal had not existed I should have granted a new trial, upon the ground that the act of the attorney in treating the jury to cigars vitiated the verdict.

In my opinion the courts ought not to tolerate acts or conduct on the part of parties or counsel to win the favor of a jury in any way, except by the proper presentation of the facts of the case and legitimate argument of counsel to convince the jury that his client's cause is just.

Judgment reversed, with costs.