## OFFUTT v. UNITED STATES.
### No. 11466.

United States Court of Appeals
District of Columbia Circuit.

Argued June 24, 1953.

Decided Nov. 19, 1953.

Petition for Rehearing Denied
Dec. 14, 1953.

Mr. Warren E. Magee, New York City, with whom Miss Charlotte Maskey, Washington, D. C., was on the brief, for appellant.

Mr. William J. Peck, Asst. U. S. Atty. at time of argument, with whom Messrs. Leo A. Rover, U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., were on the brief, for appellee. Messrs. Charles M. Irelan, U. S. Atty., Joseph M. Howard, William E. Kirk, Jr., and William R. Glendon, Asst. U. S. Attys., at time record was filed, entered appearances for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

On the trial of Henry L. Peckham, Jr., under the abortion statute of the District of Columbia, Dorsey K. Offutt, Esq., was defense counsel. At the end of the trial the presiding judge summarily found Offutt guilty of criminal contempt of court and ordered him committed for 10 days to the custody of the United States Marshal. Offutt appeals from that order. We quote from the order:

> "Pursuant to Rule 42(a) of the Federal Rules of Criminal Procedure [18 U.S.C.A.], I hereby certify that I saw and heard the contempts of court hereinafter described, and that they were committed by Dorsey K. Offutt in the actual presence of the court during the trial of a criminal proceeding before me entitled, United States v. Henry L. Peckham, Jr. * * *
> "I find that said Offutt was guilty

of the following breaches of decorum and offensive, contumacious, and unethical conduct in open court during the trial; and that said breaches and course of conduct constituted contempt of court. * * *

"1. On numerous occasions, he made insolent, insulting and offensive remarks to the court, and was guilty of gross discourtesy to the court. * * *

"2. On numerous occasions, he persisted in repeating questions, previously excluded by the court, in order to evade the court's rulings, in spite of admonitions by the court to the contrary. Many of these questions were obviously intended to besmirch a witness. * * *

"3. On numerous occasions he persisted in talking boisterously after the court had made a ruling, and failed to desist when ordered to do so by the court, at times even continuing to talk while the court was speaking. * * *

"4. On numerous occasions he used a boisterous, belligerent, discourteous and offensive tone of voice in addressing the court. * * *

"5. On several occasions, he made false statements to the court, which he could not help knowing to be untrue, particularly concerning what the court had done or said. * * *

"6. On several occasions he asked of witnesses questions that were highly prejudicial to the witness and for which there was no foundation. Thus, he asked Mary Ott, the victim of the abortions charged against the defendant,

'*When* were you arrested in this case?' As a matter of fact she never had been arrested and when called to account by the court, Offutt only answered that he had a right to enquire *whether* the witness had been arrested in this case. * * *

"8. On numerous occasions, he created a noise and commotion in the courtroom by boisterous interruptions and irrelevant remarks, such as objecting to a quiet conversation between two spectators in the courtroom, one of whom had been a witness in the case. * * *

"11. He abused the process of the court by issuing a subpoena *duces tecum* to the mother of Mary Ott, and compelled her to come here from Erie, Pennsylvania, pursuant to a subpoena; and by issuing a subpoena to one Donohower. When called as witnesses, he was unable to elicit any relevant testimony from either of them.

"12. He constantly tried to create an episode that might lead the court to direct a mistrial. * * *"

Most of these findings are followed by several references to the record.

■ The record amply supports the quoted findings numbered 1, 2, 6, and 12 [1] and the ultimate finding of contempt. But we think the record does not support the penalty imposed.[2] Appellant's conduct cannot fairly be considered apart from that of the trial judge. Each responded to great provocation from the other. The judge's treatment of appellant, examples of which are included in an appendix to our opinion in Peckham v. United States, U.S.App.D.C., —— F.2d ——, and which is the chief

---

1. Finding 1 makes findings 3, 4, and 8 credible, but we do not pass upon them since the record necessarily fails to show boisterousness, belligerent tones, etc. We think finding 5 lacks adequate support. The question of the correctness of the finding that appellant was in contempt of court in issuing the subpoenas referred to in finding 11 is not before us and we express no opinion on it, for he does not appear to have issued the subpoenas "in the actual presence of the court" and therefore was not on their account summarily punishable by the presiding judge. Federal Rules of Criminal Procedure, Rule 42(a, b). We have not considered findings 7, 9, and 10.

2. United States v. United Mine Workers of America, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884; Rosenfeld v. United States, 4 Cir. 167 F.2d 222, 223.

**844**

factor in leading a majority of this court to conclude that Peckham's conviction cannot stand, leads us all to conclude that appellant's sentence should be reduced from 10 days to 48 hours. The order will be modified accordingly.

Modified and affirmed.