**Eugene Dickey CHURCH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22850.**

United States Court of Appeals
Ninth Circuit.

June 19, 1969.

Rehearing Denied July 10, 1969.

---

Joseph A. Ryan of Ryan & Ryan, Honolulu, Hawaii, for appellant.

Yoshimi Hayashi, U.S. Atty., Michael Davis Hong, Asst. U.S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLEY, MERRILL, and ELY, Circuit Judges.

ELY, Circuit Judge:

This appeal follows a trial in which a jury found the appellant guilty of a misdemeanor: theft of a .45 caliber pistol belonging to the United States, 18 U.S. C. § 641. The appellant advances numerous contentions, none of which we can accept.

In July of 1967, Church, a Marine then attached to the Kaneohe Marine Corps Station in Hawaii but who has since been serving our Country in Vietnam, received a furlough. Soon after leaving his base to visit relatives in Florida, his officers discovered that a pistol was missing. Their suspicion quickly focused upon Church. The Marine authorities notified the Honolulu office of the Federal Bureau of Investigation, which, in turn, contacted agents in Florida. The latter quickly recovered the missing weapon, and Church gave them a statement in which he admitted taking the pistol from his Hawaiian station. He was then arrested and charged, by complaint, with the federal offense of having retained stolen United States property. 18 U.S.C. § 641. Before his arraignment in the United States District Court in Florida, the Florida federal authorities decided not to prosecute, dismissed their complaint, and allowed Church to return to Hawaii before his furlough expired.

It is argued that the dismissal of the complaint in Florida bars the challenged conviction in Hawaii. We hold, however, that Church's reliance upon principles of res judicata and double jeopardy is misplaced. As the record discloses, there was no adjudication in Florida of any matters contested in the Hawaii proceedings. Moreover, the Florida com-

plaint, which charged the appellant with *retention* of stolen property, involved a wholly distinct offense from that with which he was later charged and convicted in Hawaii.

 In the Court below, Church was charged by way of Information. He insists that the proceedings were improperly instituted because no complaint was filed prior to and in support of the Information. For at least five decades, this court has held that a misdemeanor conviction may be sought and sustained upon the basis of an unverified Information standing alone. *See, e.g.*, United States v. Pickard, 207 F.2d 472, 474 (9th Cir. 1953); Kelly v. United States, 250 F. 947, 948 (9th Cir. 1918).

As to the contention that the Government failed to establish a prima facie case, we are obliged to analyze the evidence in a light most favorable to the Government. In this light, and, indeed, in any light, the prosecution's evidence was adequate.

There are several contentions concerning the manner in which the trial was conducted. All of them lack merit. First, owing to the nature of the proceedings and the questions propounded to prospective jurors, we do not agree that the trial judge committed reversible error by refusing to allow the defense to make inquiry of each prospective juror as to his views toward the Country's present engagement in Vietnam. Second, none of the trial judge's comments which were directed to the appellant's counsel so severely prejudiced the defense that counsel's motion for a mistrial should have been granted. Third, each of counsel's motions to suppress certain evidence was carefully considered by the trial judge, and we agree with his disposition of the motions. Fourth, we have reviewed the jury instructions, and considering them as a whole, we cannot see that they were prejudicially inadequate. Finally, there is nothing in the record before us which supports appellant's contention that the sentencing judge erroneously considered

certain information claimed to have been communicated in the presentence report. In this connection, it should be noted that Church was granted probation.

Affirmed.