**Russell Walter BAYS, Plaintiff,**

v.

**PETAN COMPANY OF NEVADA, INC., a Nevada corporation, Defendant.**

**No. CIV–R–78–75–ECR.**

United States District Court,
D. Nevada.

April 28, 1982.

Peter Chase Neumann, Reno, Nev., for plaintiff.

Vargas, Bartlett & Dixon, Reno, Nev., for defendant.

## MEMORANDUM DECISION

EDWARD C. REED, Jr., District Judge.

Attorney Peter Chase Neumann has petitioned the Court to issue an order commanding juror Levant Brown (hereinafter referred to as Respondent) to show cause why he should not be held in contempt of this Court. The petition arose on account of alleged misconduct in the above-entitled action during jury selection and jury deliberations.

Judge Foley of this Court entered the order to show cause. The matter then was transferred to the undersigned by stipulation. A trial on the subject of Respondent's possible contempt was held on April 5, 1982. Petitioner Neumann represented himself and Respondent was represented by attorneys James Logan and Stephen Kent. Evidence and testimony were received.

The Court initially determined that the matter should be heard as a question of criminal contempt, Rule 42(b) F.R.Cr.P. and 18 U.S.C. § 401(1), and that the penalty, if any, would not exceed six months imprisonment or a $500 fine. Therefore, Respondent was not entitled to a jury trial.

The Court also determined that the Federal Rules of Evidence apply to a proceeding of this nature. Rule 1101(b) F.R.E.

Petitioner alleges that Respondent answered a question on voir dire untruthfully and that Respondent further obstructed justice by failing to follow the Court's jury instructions during deliberations, by not approaching deliberations as an unbiased juror, by attempting to introduce into the deliberations matters not in evidence, by failing to consult with his fellow jurors before making up his mind, by endeavoring to prejudice the other jurors against the plaintiff's attorneys, and by seeking to cause a hung jury and resultant mistrial.

■ A preliminary issue must first be addressed by the Court. That is whether petitioner had standing to initiate the instant contempt proceedings. Petitioner was the attorney for the plaintiff in the above-entitled underlying case. The trial of the case resulted in a hung jury and a mistrial. According to Rule 42(b), F.R.Cr.P. a notice of criminal contempt charges is required to be given either orally by the Judge in open Court in the presence of the Respondent, or upon the application of the United States Attorney or of an attorney appointed by the Court for that purpose. In this case Judge Foley entered the order to show cause based on Mr. Neumann's petition, and directed that such order and all of the other related papers should be served upon Respondent. That procedure did not square literally with the requirements of Rule 42(b), for technically the Court should have appointed Mr. Neumann before he filed the petition for a show cause order. Nevertheless, it seems to meet the substance of the intent of the drafters of the rule. In the view of the Court, the better reading of Rule 42(b) is that it is procedural and that so long as the due process requirements of the rule are substantially met, the action may be initiated in the manner that it was in this case; i.e., the judge signed the show cause order giving notice and requiring that a copy of the petition and all attachments thereto be served on Respondent. The Court order set forth the time and place of the hearing, allowing a reasonable time for preparation of the defense, and the petition ordered served on Respondent stated the essential facts constituting the criminal contempt charge.

The manner in which this matter was initiated is not the preferred procedure and while the Court is permitting the case to go ahead, any future actions of this nature should be initiated in a fashion to comply with Rule 42(b). In this case substantial compliance with Rule 42 afforded Respondent due process. Judge Foley signed the

order to show cause based upon substantial documentary support for the petition filed by Mr. Neumann. It appears, therefore, that the order to show cause impliedly appointed Mr. Neumann to prosecute this criminal contempt proceeding. *See Musidor, B.V. v. Great American Screen*, 658 F.2d 60, 65 (2nd Cir. 1981). In Respondent's points and authorities filed herein it was acknowledged that the contempt sought by petitioner "is criminal."

The next question to be addressed is whether Respondent should be found in criminal contempt for his failure to respond truthfully to the question posed by Mr. Neumann to all the prospective jurors during voir dire examination in the underlying case: Q. "Have any of you ever been involved in litigation yourself where you were a party or a close family member of a party to a lawsuit, civil lawsuit of any kind?". While two of the prospective jurors answered in the affirmative, Respondent did not answer. The failure of Respondent to answer "yes" must be taken as a "no" answer.

■ The burden of proof for conviction for criminal contempt is that each element of the offense must be proved beyond a reasonable doubt. *See In re Kirk*, 641 F.2d 684, 687 (9th Cir. 1981); *Kelly v. United States*, 250 F. 947, 949 (9th Cir. 1918). The essential elements are threefold. First, that Respondent knowingly and willfully gave an untruthful answer in response to the voir dire question. *See United States v. Smith*, 555 F.2d 249, 251 (9th Cir. 1977); *United States v. Freedland*, 111 F.Supp. 852, 857 (D.N.D.1953). Second, that the untruthful answer was used by Respondent to gain acceptance on the jury. *Clark v. United States*, 289 U.S. 1, 11, 53 S.Ct. 465, 468, 77 L.Ed. 993 (1933). Third, that Respondent's acts obstructed the administration of justice. 18 U.S.C. § 401(1); *Clark v. United States, supra.*

Respondent testified that in failing to respond to Mr. Neumann's voir dire question, he simply had forgotten about prior civil litigation in which he had been involved in 1974. The basis for Petitioner's claim that the untruthful answer was made

knowingly and willfully is founded in Respondent's personal education, experience and background (he holds an M.B.A. from Harvard), the fact that he signed a verified complaint in the 1974 litigation, that a lengthy deposition of Respondent was taken in the 1974 case, and that Respondent was displeased with the settlement made in that case. Petitioner argues that such active participation makes Respondent's claim to have forgotten the prior case incredible.

■ For Respondent's untruthful answer to have been given "willfully", it must have been made purposefully, deliberately and intentionally, as distinguished from inadvertently or negligently. *See United States v. Klee*, 494 F.2d 394, n.1 (9th Cir. 1974). "A man should not be sent to jail for forgetfulness." Concurring op. of Wilbur, J., in *Redman v. United States*, 77 F.2d 126, 129 (9th Cir. 1935).

■ It is clear that about seven years had passed from the time of the 1974 civil litigation in which Respondent had been involved until the impanelment of the *Bays v. Petan*, jury. Respondent introduced evidence that twice before, during voir dire examination of jurors in other cases in which he had been summoned as a juror, he had answered the same question in the same fashion as he did in the instant case. During a voir dire examination of prospective jurors in a case subsequent to *Bays v. Petan*, he had answered the same question in the affirmative. This was after the fact of the 1974 civil litigation had been called to his attention by the proceedings now before the Court. Further, the evidence is uncontroverted that the Respondent had no acquaintance whatsoever with any of the principals or attorneys in the underlying *Bays v. Petan* case. The evidence reflects no reason whatever for Respondent to attempt to deceive anyone about the 1974 litigation. The evidence adduced by Petitioner, when Respondent's countervailing evidence is considered, does not add up to proof beyond a reasonable doubt of knowing and willful false testimony by Respondent in the *Bays v. Petan* jury voir dire.

■ The Court next addresses the question of the alleged misconduct of Respondent during the jury deliberations. First we must distinguish the present proceedings from the thrust of Rule 606(b) of the Federal Rules of Evidence, which prohibits a juror from testifying as to any matter or statement which occurred during the course of a jury's deliberations, the effect of anything upon his or any other juror's mind or emotions as influencing assent or dissent from the verdict, or concerning his mental process in connection therewith. If the present proceeding involved inquiry into the validity of a verdict, then this rule of evidence might bar testimony relating to the claimed improper statements and actions of Respondent during the jury deliberations. However, Rule 606(b) does not apply to the present proceedings where the inquiry is as to whether Respondent should be held in criminal contempt of Court, rather than as to whether the judgment of mistrial was valid. *Clark v. United States, supra.*

■ Aside from the privilege set forth in Rule 606(b) F.R.E., there is a traditional juror's privilege not to have disclosed matters or statements occurring during the course of jury deliberations. *See Northern Pacific Railway Company v. Mely*, 219 F.2d 199, 201 (9th Cir. 1954). This juror's privilege would appear to be applied in the present case. Thus, the Respondent might have invoked the privilege to bar testimony as to his conduct and statements during jury deliberations. He did not do so, however, electing to waive that privilege by filing an affidavit setting forth a statement as to what occurred in the jury room and by testifying on the witness stand to the subject events. The affidavit and the testimony were both given after consultation with counsel and must be taken to be a knowing, voluntary and intelligent waiver of such privilege. Furthermore, under the case of *Clark v. United States*, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933) where a prima facie case is made of concealment or false swearing to gain acceptance as a juror and under cover of that relation to obstruct justice, then the aforementioned jurors' privilege is not a bar to evidence as to the juror's

deliberations. In this case, based upon the petition and its attachments, Judge Foley found that the necessary prima facie case had been made sufficient to require that "the light should be let in." *Clark v. United States, supra* at 14.

■ The Court having determined that it may inquire into Respondent's statements and conduct in the jury room, we must now consider whether such statements and conduct evidence criminal contempt. There were assertions by Respondent in the jury room with respect to matters not in evidence. He tried to introduce the subject of insurance into the deliberations, to disparage plaintiff's attorneys, and to persuade the jurors not to return a verdict for plaintiff because of a claimed large percentage of recovery which would go to the benefit of the attorneys. These assertions can only be characterized as improper argument advanced by a member of the jury in the course of its deliberations. Yet standing by themselves these statements are not contemptuous. *See Northern Pacific Railway Company v. Mely, supra.* Nor is the failure to follow the trial judge's instructions. *Id.*; concurring op. Wilbur, J. in *Redman v. United States*, 77 F.2d 126, 129 (9th Cir. 1935). As stated in *Clark*, the gist of the offense in criminal contempt is not the statements or conduct of the juror in the jury room, but rather the concealment or false swearing by virtue of which a juror is seated and under cover of that relation the course of justice is obstructed. The Court having found that there was neither knowing and willful concealment nor false swearing, there is no criminal contempt here.

Petitioner argues that the purpose of his introducing the statements and conduct of Respondent in the jury room was to show that the false response to the voir dire question was made knowingly and willfully, rather than to attempt to provide a separate and alternative basis for criminal contempt. This approach is in accord with what the *Clark* case holds is the gist of the offense. However, the statements and con-

duct of Respondent in the jury room do not persuade the Court beyond a reasonable doubt that the untruthful answer in voir dire was knowingly and willfully given. The motivation indicated by the statements and conduct could be innocent as easily as fraudulent. In spite of instructions which the Court may give, a layman juror might have in the back of his mind uncomplimentary thoughts concerning attorneys, rules of evidence as to insurance, or the extent of participation of attorneys in jury awards. This does not establish fraudulent motive in an incorrect answer to the voir dire question.

Petitioner also claims Respondent failed to keep an open mind when he announced his view of the case at the very commencement of the deliberations. While it might be argued that Respondent's statement is circumstantial evidence that the false voir dire answer was knowing and willful, the testimony of Respondent and three other jurors raise a reasonable doubt that the untrue statement on voir dire was knowingly and willfully made. Respondent commented during the jury deliberations on a number of facts that indicated the defendant in the *Bays v. Petan* case had not been negligent. These included the distance the pickup truck had traveled on its side after leaving the road, the driver's purported statement that if he had had brakes he would have been able to negotiate the curve, the lack of other accidents at the site other than the overturning of a horse truck, and physical conditions such as reflectors and the "superelevation" of the curve. In light of such facts, an honest and fair juror could conceivably have voted in favor of the defendant, as Respondent did. In fact, the evidence indicates that the final tally was two votes for the plaintiff and four votes for the defendant. Earlier the vote had been three to three.

Petitioner contends that he would have exercised a peremptory challenge against Respondent had the latter answered truthfully the voir dire question. For the purposes of this proceeding, the contention is accepted as true. If a prospective juror knowingly and willfully testifies falsely on voir dire so as to conceal his partisanship, in order to obtain a seat on the jury, he is obstructing the administration of justice within the intendment of 18 U.S.C. § 401(1). *Clark v. United States*, 289 U.S. 1, 11, 53 S.Ct. 465, 468, 77 L.Ed. 993 (1933); *In re Michael*, 326 U.S. 224, 228, 66 S.Ct. 78, 80, 90 L.Ed. 30 (1945); *Collins v. United States*, 269 F.2d 745, 749–50 (9th Cir. 1959); *Redman v. United States, supra* at 127–128. However—"In considering whether the evidence is sufficient to warrant adjudging one guilty of contempt, we must apply the principle that the power of the court to punish for contempt should be used with caution and deliberation." *Id.*, at 127. This Court is not persuaded beyond a reasonable doubt that Respondent knowingly and willfully answered untruthfully. Therefore, it need not decide whether the untruthful answer was used by him to get on the jury or whether his conduct obstructed the administration of justice.

The foregoing shall constitute findings of fact and conclusions of law.

IT IS, THEREFORE, HEREBY ORDERED that Petitioner's request that Respondent be found in criminal contempt be, and the same hereby is, DENIED.