65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence SHAK, Plaintiff-Appellant,
v.
Keith TANAKA, individually and as police officer in the City
and County of Honolulu; Katherine Dashiell, individually
and as a Judge in the District Court of the First Circuit,
State of Hawaii; State of Hawaii, et al., Defendants-Appellees.
 No. 94-16505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clarence N.S. Shak appeals pro se from the district court's summary judgment for defendants in his action brought under 42 U.S.C. Sec. 1983, which alleged a violation of his rights under the Fourth and Fourteenth Amendments.
 
 
 3
 On appeal, Shak contends that the district court erred as a matter of law by holding that he was not entitled to: (1) a judicial determination of probable cause before being required to return to court for a hearing on misdemeanor charges; and (2) a written summary of the misdemeanor charges against him, setting forth the essential facts constituting the offenses charged and demonstrating that there was probable cause to believe that those offenses had been committed by him. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Background
 
 
 5
 On December 23, 1993, at approximately 4:45 p.m., after being warned once that he was creating a safety hazard by standing in the street, Shak was arrested by defendant police officer Tanaka for violating local laws prohibiting pedestrians from walking on roadways, see Haw.Rev.Stat. Sec. 291C-76 (1985), soliciting rides, business or attention of motorists, see Haw.Rev.Stat. Sec. 291C-77 (1985), and refusing to provide identification, see Haw.Rev.Stat. Sec. 291C-172 (1985). Shak was then taken by officer Tanaka to the Honolulu Police Station where he was finger-printed, booked, and then released on approximately $60.00 bail at approximately 6:30 p.m. Upon his release, Shak was given a bail receipt informing him of the three misdemeanor charges against him and the time he was to appear in court for a hearing on such charges.
 
 
 6
 On December 29, 1993, Shak appeared for arraignment in the District Court for the First Circuit, Honolulu Division. After having the charges against him read orally, Shak refused to enter any plea, arguing that the court lacked jurisdiction over the subject matter of his case because no complaint, affidavit, or other formal accusation had been filed against him charging him with any act which violated any law. Consequently, the court entered a plea of "not guilty" on Shak's behalf and set the date of trial for March 17, 1994.
 
 
 7
 On March 17, 1994, Shak again appeared at court, the charges against him were again read orally, Shak again refused to enter a plea, and the court again entered a plea of "not guilty" on Shak's behalf. Shak then moved to dismiss the charges against him on the ground that the court lacked jurisdiction, which the court denied. The trial proceeded, officer Tanaka testified as to what he had seen Shak doing which led him to believe that he was violating the law, and the court found Shak guilty of all three of the charges based on Tanaka's testimony. Shak was subsequently fined $35.00, and he did not appeal his conviction.
 
 II
 Standard of Review
 
 8
 We review de novo the district court's grant of summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Hansen, 7 F.3d at 138.
 
 III
 Merits
 A. Judicial Determination of Probable Cause
 
 9
 Shak contends that the district court erred by holding that he was not entitled to a judicial determination of probable cause before being required to return to court for a hearing on misdemeanor charges. This contention lacks merit.
 
 
 10
 The Supreme Court "has expressed a preference for the use of arrest warrants when feasible." Gerstein v. Pugh, 420 U.S. 103, 113 (1975). Nonetheless, "a [police officer]'s on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." See id. at 113-114. A person arrested and held in custody for trial, however, is entitled to a timely judicial determination of probable cause. Id. at 114. The Supreme Court has explained that "[o]nce the suspect is in custody ..., the reasons that justify dispensing with the magistrate's neutral judgment evaporate" while "the suspect's need for a neutral determination of probable cause increases significantly," noting that "prolonged detention may be more serious than the interference occasioned by arrest." Id. at 114.
 
 
 11
 Here, Shak concedes that: (1) officer Tanaka had probable cause to arrest him; and (2) his detention at the Honolulu Police Station for one hour and forty-five minutes was not excessive. Thus, the two Fourth Amendment concerns discussed in Gerstein, a warrantless arrest in which the police officer's judgment concerning probable cause is mistaken and prolonged detention, are not present in the instant case.
 
 
 12
 In addition, the Supreme Court has "stopped short of holding that jurisdictions were constitutionally compelled to provide a probable cause hearing immediately upon taking a suspect into custody and completing booking procedures," see County of Riverside v. McLaughlin, 500 U.S. 44, 53-54 (1991), and "acknowledged the burden that proliferation of pretrial proceedings places on the criminal justice system and recognized that the interests of everyone involved, including those persons who are arrested, might be disserved by introducing further procedural complexity into an already intricate system." Id.
 
 
 13
 Accordingly, the district court did not err as a matter of law in dismissing Shak's claim that he had a right to a probable cause hearing before being required to return to court.
 
 B. Written Summary of Charges
 
 14
 Shak contends that the district court erred by holding that due process did not entitle him to a written summary of the misdemeanor charges against him, setting forth the essential facts constituting the offenses charged and demonstrating that there was probable cause to believe that those offenses had been committed by him. This contention lacks merit.
 
 
 15
 "The grand jury requirement of the Fifth Amendment is not applicable to the states, and accordingly, prosecution via an information is not unconstitutional." James v. Reese, 546 F.2d 325, 327-28 (9th Cir.1976). Moreover, "a misdemeanor conviction may be sought and sustained upon the basis of an unverified Information standing alone." Church v. United States, 412 F.2d 836, 838 (9th Cir.1969) (emphasis added). Accordingly, the State of Hawaii was not required to proceed against Shak by indictment.
 
 
 16
 Under the Hawaii Rules of Penal Procedure, in non-felony cases, the accused is orally apprised of the pending charges in open court. Haw.R.Penal P. Sec. 5(b)(1). The Supreme Court of Hawaii, moreover, has rejected the claim that the omission to furnish a copy of a complaint is a jurisdictional defect. Shak v. Doi, 420 P.2d 100, 102 (1966). Here, Shak had the formal charges read to him orally twice and was also given a bail receipt informing him of the charges and the time to appear in court. Shak does not allege, moreover, that he did not understand the nature of the charges against him. Consequently, the district court properly ruled that Shak was not entitled to a detailed written summary of the misdemeanor charges.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3